**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br>Plaintiff,<br>v.<br>ROBIN MCCONNELL, *et al.*,<br>Defendants. | Case No. 1:18-cv-00351-EPG (PC)<br>**ORDER FOR PLAINTIFF TO EITHER:**<br>**(1) FILE AN AMENDED COMPLAINT;**<br>**OR**<br>**(2) NOTIFY THE COURT THAT HE STANDS ON THE COMPLAINT AS WRITTEN, IN WHICH CASE THE COURT WILL ISSUE FINDINGS AND RECOMMENDATIONS CONSISTENT WITH THIS ORDER**<br>**THIRTY (30) DAY DEADLINE** |

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for screening is Plaintiff's Complaint, filed on March 12, 2018. (ECF No. 1). Plaintiff alleges that he suffered from a back injury and was not treated properly for a substantial amount of time because medical professionals did not believe he was injured.

The Court has screened Plaintiff's Complaint and finds that it does not state any cognizable claim. Plaintiff may choose one of the following options: (1) file a first amended complaint; or (2) notify the Court that he wishes to stand on the Complaint as written, in which case the undersigned will issue findings and recommendations to the assigned district judge consistent with this order.

///

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. SUMMARY OF COMPLAINT

Plaintiff is an inmate at Corcoran State Prison ("Corcoran"). He alleges that he has a serious medical condition, and the failure to treat that condition has caused him serious injury.

Plaintiff had surgery on his right knee on November 30, 2016, to repair a torn meniscus. Plaintiff had complications with the healing process. Plaintiff alerted Defendant Robin McConnell of knee pain. Plaintiff told her that his back had given out and that he had fallen more than once. Defendant McConnell responded that there was nothing wrong with Plaintiff's

back and that his knee was fine. She then told Plaintiff that he was faking his symptoms. The surgeon who performed his surgery prescribed T#3[1] for pain, which Plaintiff did not get. Instead, Plaintiff got Motrin for pain. Defendant McConnell also put in a report that Plaintiff's issues with his back may be the source of his knee pain. She told Plaintiff, "As I said I think you are faking and that is that." She also told Plaintiff that she would give him Magnetic Resonance Imaging ("MRI") "to prove that he was faking symptoms."

Plaintiff had the MRI on September 18, 2017. It showed a re-torn meniscus and herniated disc in Plaintiff's back. This revealed that Plaintiff was correct about his injury for the 10 months before the MRI.

Also, on August 31, 2017, Plaintiff told Defendant Nguyen that his lower back was hurting "really bad" and when he tries to straighten his legs, they go numb. Defendant Nguyen told Plaintiff there was nothing wrong with him and to go back to his cell. About an hour or so later, his back and knee gave out, causing Plaintiff to fall and hurt himself.

Defendant Clark gave Plaintiff a muscle relaxer because he thought Plaintiff had a severe muscle spasm, which later turned out to be a herniated disc in Plaintiff's lower back.

Plaintiff asked for a wheelchair in Plaintiff's cell, but Defendant Nguyn and Correctional Officer P. Ramos, said, "he does not need that because there is nothing wrong with him." Plaintiff's complaints were ignored until Plaintiff received his MRI and was told, "I saw your results and see that I was wrong."

Furthermore, on November 29, 2016, Plaintiff fell because his back gave out. Correctional Officer Navarro called a technician who was working that day and asked what happened. Plaintiff said his back had given out and he fell. Defendant McConnell responded by saying to leave Plaintiff on the floor. Plaintiff asked for a superior, but Garza said, "I can't do that, doctor's orders." Correctional officers brought Plaintiff a mattress to the floor and helped Plaintiff onto it, but denied further medical attention.

Plaintiff has many medical issues that restrict his daily activities. He can barely go to the yard because sitting for so long hurts his back. The medical professionals tell him there is

---

[1] This word is difficult to read and may not be transcribed correctly.

nothing they can do, but Plaintiff knows there are surgeries to take care of his problems. When he complains, they are dismissive.

Plaintiff also has a disease called "Usgood-schlatters," which creates excess bone growth on the knees and makes it painful to walk.

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). *See also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

(quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

**A. Eighth Amendment Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he had a serious medical injury and needed care, but no one believed him. They accused him of faking the illness and refused to treat him. Eventually, they ordered an MRI, which confirmed that he had a serious injury and at least some medical professionals have admitted they were wrong before when they said he was faking it. Also, they say they cannot help him more now, but Plaintiff believes there are further surgeries that would help.

Plaintiff's allegations fail to state an Eighth Amendment claim under the legal standards above. Although Plaintiff has alleged that he has a serious medical need, he has not alleged that any of the defendants knew he had a medical need and purposefully failed to treat him. Instead, they believed that he was faking it. While this belief was wrong, and may be callous, it does not establish a constitutional claim under the law. Saying that defendants were wrong in denying treatment is not enough—Plaintiff must allege facts showing they knew that Plaintiff needed more care and decided not to provide it.

It is also worth noting that they did give Plaintiff an MRI, and agree that he has a serious medical condition now that the MRI has confirmed it.

Plaintiff alleges now that no one believes he can be treated, although he disagrees and believes that further surgery can help. While the Court is sympathetic to his pain, this difference of opinion does not state a claim under the Constitution.

If Plaintiff believes that a medical professional knows that there is further care that will help and fails to provide it, he can file an amended complaint explaining those facts.

**IV. CONCLUSION AND ORDER**

The Court has screened Plaintiff's Complaint and finds that it fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Plaintiff is granted leave to file an amended complaint within thirty (30) days.

Should Plaintiff choose to amend the Complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. at 678; *Jones*, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff is reminded that he must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is further advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    (1) File a First Amended Complaint; or
    (2) Notify the Court in writing that he wishes to stand on the Complaint as written, in which case the Court will issue a Findings and Recommendations to a district judge consistent with this order;
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00351-EPG; and
4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **March 23, 2018**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE