**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE ANTONIO MARTINEZ,

Plaintiff,

v.

ROBIN MCCONNELL, *et al.*,

Defendants.

Case No. 1:18-cv-00351-DAD-EPG (PC)

**FINDINGS AND RECOMMENDATION THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**

(ECF No. 1)

**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS**

## I. BACKGROUND

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 12, 2018, Plaintiff commenced this action by the filing of a Complaint alleging that he was denied timely treatment of a back injury in violation of the Eighth Amendment.

On March 26, 2018, the Court screened the Complaint and concluded that it fails to state a claim upon which relief may be granted. (ECF No. 6). Specifically, the Court found that Plaintiff failed to allege that any of the defendants knew he had a medical need and purposefully failed to treat him. *Id.*

The screening order directed Plaintiff to file an amended complaint or to notify the Court that he wishes to stand on the Complaint, subject to the issuance of findings and

recommendations to the assigned district judge. *Id*. On April 23, 2018, Plaintiff notified the Court that he wishes to stand on the Complaint. (ECF No. 9).

For the reasons described below, the Court recommends that this action be dismissed, with prejudice, for failure to state a claim. Plaintiff may file objections within twenty-one days of the date of service of these findings and recommendations.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

\\\

\\\

## III. SUMMARY OF COMPLAINT

Plaintiff is an inmate at Corcoran State Prison ("Corcoran"). He alleges that he has a serious medical condition, and the failure to treat that condition has caused him serious injury.

Plaintiff had surgery on his right knee on November 30, 2016, to repair a torn meniscus. Plaintiff had complications with the healing process. Plaintiff alerted Defendant Robin McConnell about his knee pain. Plaintiff told her that his back had given out and that he had fallen more than once. Defendant McConnell responded that there was nothing wrong with Plaintiff's back and that his knee was fine. She then told Plaintiff that he was faking his symptoms. The surgeon who performed his surgery prescribed T#3[1] for pain, which Plaintiff did not get. Instead, Plaintiff got Motrin for pain. Defendant McConnell also put in a report that Plaintiff's issues with his back may be the source of his knee pain. She told Plaintiff, "As I said I think you are faking and that is that." She also told Plaintiff that she would give him Magnetic Resonance Imaging ("MRI") "to prove that he was faking symptoms."

Plaintiff had the MRI on September 18, 2017. It showed a re-torn meniscus and herniated disc in Plaintiff's back. This revealed that Plaintiff was correct about his injury for the 10 months before the MRI.

Also, on August 31, 2017, Plaintiff told Defendant Nguyen that his lower back was hurting "really bad" and when he tries to straighten his legs, they go numb. Defendant Nguyen told Plaintiff there was nothing wrong with him, and to go back to his cell. About an hour or so later, his back and knee gave out, causing Plaintiff to fall and hurt himself.

Defendant Clark gave Plaintiff a muscle relaxer because he thought Plaintiff had a severe muscle spasm, which later turned out to be a herniated disc in Plaintiff's lower back.

Plaintiff asked for a wheelchair in Plaintiff's cell, but Defendant Nguyen and Correctional Officer P. Ramos, said, "he does not need that because there is nothing wrong with him." Plaintiff's complaints were ignored until Plaintiff received his MRI and was told, "I saw your results and see that I was wrong."

---

[1] This word is difficult to read and may not be transcribed correctly.

Furthermore, on November 29, 2016, Plaintiff fell because his back gave out. Correctional Officer Navarro called a technician who was working that day and asked what happened. Plaintiff said his back had given out and he fell. Defendant McConnell responded by saying to leave Plaintiff on the floor. Plaintiff asked for a superior, but Garza said, "I can't do that, doctor's orders." Correctional officers brought Plaintiff a mattress to the floor and helped Plaintiff onto it, but denied further medical attention.

Plaintiff has many medical issues that restrict his daily activities. He can barely go to the yard because sitting for so long hurts his back. The medical professionals tell him there is nothing they can do, but Plaintiff knows there are surgeries to take care of his problems. When he complains, they are dismissive.

Plaintiff also has a disease called "Usgood-schlatters," which creates excess bone growth on the knees and makes it painful to walk.

## IV. EVALUATION OF PLAINTIFF'S COMPLAINT

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). *See also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v.*

*Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051,

1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he had a serious medical injury and needed care, but Defendants did not believe him. They accused him of faking the illness and refused to treat him. Eventually, Defendants ordered an MRI, which confirmed that Plaintiff had a serious injury, and at least some medical professionals have admitted they were wrong when they said Plaintiff was faking his illness. Defendants now say they cannot help him more, but Plaintiff believes there are further surgeries that would ameliorate his illness.

Plaintiff's allegations fail to state an Eighth Amendment claim under the legal standards above. Although Plaintiff has alleged that he has a serious medical need, he has not alleged that any of the defendants knew he had a medical need and purposefully failed to treat him. Instead, they believed that he was faking it. While this belief was wrong, and may be callous, it does not establish a constitutional claim under the law. Saying that Defendants were wrong in denying

treatment is not enough. Plaintiff must allege facts showing Defendants knew that Plaintiff needed more care and decided not to provide it.

It is also worth noting that Defendants did give Plaintiff an MRI, and agree that he has a serious medical condition now that the MRI has confirmed it.

Plaintiff alleges now that no one believes he can be treated, although he disagrees and believes that further surgery can help. While the Court is sympathetic to his pain, this difference of opinion does not state a claim under the Constitution.

Accordingly, the Court finds that Plaintiff has failed to allege a cognizable claim.

## V. CONCLUSION AND RECOMMENDATION

The Court finds that the Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the Complaint. Plaintiff declined to amend the Complaint, electing instead to stand on the Complaint. (ECF No. 9).

Therefore, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;[2] and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

[2] In this Court's opinion, this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2018**

**/s/** Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE